UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PHILLIP A. COVARRUBIAS,<br><br>                  Petitioner,<br>     v.<br><br>ROBERT LEGRAND, et al.,<br><br>                  Respondents. | Case No. 3:14-00292-MMD-WGC<br><br>ORDER |

Petitioner, who is a prisoner in the custody of the Nevada Department of Corrections, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (dkt. no. 1). The Court dismisses this action because petitioner did not pay the filing fee and did not file an application to proceed *in forma pauperis*, together with a signed financial certificate and a copy of his inmate account statement, as required by 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-2. Based upon review of the file, it does not appear that a dismissal without prejudice would affect materially the timeliness of a promptly filed new action.[1]

---

[1] According to petitioner's statements on the petition form and the documents attached to the petition, judgment of conviction was entered on December 8, 2004. Petitioner did not appeal, and the judgment became final on January 7, 2005. Petitioner filed a state habeas corpus petition on January 18, 2005, which was denied. The Nevada Supreme Court affirmed the denial on March 13, 2006. Remittitur issued April 7, 2006. Petitioner filed a motion to withdraw a guilty plea or in the alternative a habeas corpus petition on February 28, 2008. Ultimately, the Nevada Supreme Court determined that if it was a motion laches applied because it was filed more than three years after entry of the judgment of conviction, and if it was a habeas corpus petition it was untimely pursuant to Nev. Rev. Stat. § 34.726(1). Petitioner filed another state *(fn. cont…)*

Reasonable jurists would not find the court's conclusions to be debatable or wrong, and the Court will not issue a certificate of appealability.

It is therefore ordered that the Clerk of the Court shall send petitioner a blank form for an application to proceed *in forma pauperis* for incarcerated litigants and a blank § 2254 habeas corpus petition form with instructions.

It is further ordered that this action is dismissed without prejudice to petitioner's commencement of a new action in which he either pays the filing fee in full or submits a complete application to proceed *in forma pauperis*, accompanied by a signed financial certificate and a statement of his inmate account. The Clerk of the Court shall enter judgment accordingly.

It is further ordered that a certificate of appealability is denied.

DATED THIS 15th day of July 2014.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

*(… fn. cont.)*
habeas corpus petition on June 6, 2013. Ultimately, the Nevada Supreme Court determined that it was untimely pursuant to Nev. Rev. Stat. § 34.726(1). Petitioner mailed his federal habeas corpus petition to this court on June 3, 2014.

The one-year period of limitation of 28 U.S.C. § 2244(d) was tolled while petitioner's first state habeas corpus petition was pending. The one-year period was not tolled while the second and third petitions were pending because they were untimely and thus not properly filed within the meaning of § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). Consequently, two thousand nine hundred ninety (2,990) non-tolled days have passed between the finality of the judgment of conviction and the commencement of this action. Any federal habeas corpus petition already is untimely, regardless of the dismissal of this action.